**CV-11 2511**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

HARSHARAN SETHI,

                Plaintiff,

    -against-

RANDY NAROD, ERICA LEE, DEBORAH MORRISSEY, MITCHELL ROBBINS, BRIAN WASSERMAN, RICHARD SOMECK, DONALD TRUMP. JR, NEIL SCHORR, STANLEY PITKOWITZ, ISRAEL DORINBAUM AND CAMBRIDGE WHO'S WHO PUBLISHING, INC.,

                Defendants.

-----------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 25 2011 ★
LONG ISLAND OFFICE

Case No.:
COMPLAINT
BIANCO, J.

Plaintiff Demands Jury Trial

    Plaintiff, Harsharan Sethi (hereinafter "Sethi") by his attorneys, the Law Office of Vincent R. Fontana, P.C., complaining of defendants, respectfully sets forth and alleges, upon information and belief, the following:

### PARTIES

    1.  Plaintiff is a former employee of defendants Cambridge Who's Who Publishing, Inc. (hereinafter "Cambridge" or "CWW").

    2. During his employment plaintiff was Director of Management Information Systems ("MIS") for the period July 21, 2008 to May 10, 2010. He resides in Nassau County, which is within the Eastern District of New York.

    3. Upon information and belief, at all relevant times, defendant Cambridge was a corporation organized under the laws of the State of New York with its principle place of business located at 498 RXR Plaza, West Tower, Uniondale, New York 11556.

1

4. Upon information and belief, at all relevant times defendant Randy Narod (hereinafter "Narod") was President of Cambridge and a stockholder, owner, and operator of CWW. Furthermore, upon information and belief, defendant Narod had the power to hire and fire plaintiff, supervise and control his work schedules, establish the conditions of his employment, and determine the rate and method of his compensation.

5. Upon information and belief, at all relevant times, defendant Brian Wasserman (hereinafter "Wasserman") was the Chief Financial Officer of defendant Cambridge and a stockholder, owner, and operator of CWW. Furthermore, upon information and belief, defendant Wasserman had the power to hire and fire plaintiff, supervise and control his work schedules, establish the conditions of his employment, and determine the rate and method of his compensation.

6. Upon information and belief, at all relevant times, Richard Someck (hereinafter "Someck") was a stockholder, owner, and operator of CWW. Furthermore, upon information and belief, defendant Someck had the power to hire and fire plaintiff, supervise and control his work schedules, establish the conditions of his employment, and determine the rate and method of his compensation.

7. Upon information and belief, at all relevant times, Donald Trump, Jr (hereinafter "Trump") was a stockholder, owner and operator of Cambridge. Furthermore, upon information and belief, defendant Trump had the power to hire and fire plaintiff, supervise and control his work schedules, establish the conditions of his employment, and determine the rate and method of his compensation.

8. Upon information and belief, at all relevant times, Deborah Morrissey (hereinafter "Morrissey") was the Vice President for Human Resources and Development for CWW. Furthermore, upon information and belief, defendant Morrissey had the power to hire and fire plaintiff, supervise and control his work schedules,

establish the conditions of his employment, and determine the rate and method of his compensation.

9. Upon information and belief, at all relevant times, Erica Lee (hereinafter "Lee") was the Chief Operating Officer and Chief Technical Officer for CWW. Furthermore, upon information and belief, defendant Lee had the power to hire and fire plaintiff, supervise and control his work schedules, establish the conditions of his employment, and determine the rate and method of his compensation.

10. Upon information and belief, at all relevant times, Mitchell Robbins (hereinafter "Robbins") was the Chief Executive Officer CWW. Furthermore, upon information and belief, defendant Robbins had the power to hire and fire plaintiff, supervise and control his work schedules, establish the conditions of his employment, and determine the rate and method of his compensation.

11. Upon information and belief, at all relevant times defendant Neil Schorr (hereinafter "Schorr") was a stockholder, owner, and operator of CWW. Furthermore, upon information and belief, defendant Schorr had the power to hire and fire plaintiff, supervise and control his work schedules, establish the conditions of his employment, and determine the rate and method of his compensation.

12. Upon information and belief, at all relevant times defendant Stanley Pitkowitz (hereinafter "Pitkowitz") was a stockholder, owner, and operator of CWW. Furthermore, upon information and belief, defendant Pitkowitz had the power to hire and fire plaintiff, supervise and control his work schedules, establish the conditions of his employment, and determine the rate and method of his compensation.

13. Upon information and belief, at all relevant times defendant Israel Dorinbaum (hereinafter "Dorinbaum") was a stockholder, owner, and operator of CWW. Furthermore, upon information and belief, defendant Dorinbaum had the power to hire

and fire plaintiff, supervise and control his work schedules, establish the conditions of his employment, and determine the rate and method of his compensation.

## NATURE OF ACTION

14. At all times relevant to this complaint, defendants maintained a policy and practice of requiring plaintiff to work in excess of forty (40) hours per week without paying him overtime wages as required by federal and state laws.

## JURISDICTION AND VENUE

15. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 pursuant to claims asserted under the Fair Labor Standards Act of 1938, 29 U.S.C. § § 201 et seq. ("FLSA"). Supplemental jurisdiction over plaintiff's state law claims is conferred by 28 U.S.C. § 1367(a).

16. Venue is proper in this District under 28 U.S.C. § 1331(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in the State of New York and within Eastern District of New York.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS

17. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "16" as if fully set forth herein.

18. From July 21, 2008 to February 12, 2010 plaintiff regularly worked in excess of forty (40) hours per week.

19. During this period plaintiff worked a schedule from 8:30 a.m. to 5:30 p.m. five days per week.

20. In addition, from time to-time, plaintiff was required to work after 5:30 p.m. or to begin his work day before 8:30 a.m.

21. Defendants intentionally, or otherwise in violation of the FLSA, failed to pay plaintiff overtime compensation at rates of one and one-half times the regular rate of pay

4

for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

22. Defendants' failure to pay plaintiff overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

23. Plaintiff has been damaged in an amount to be determined at trial.

**AS AND FOR A SECOND
CAUSE OF ACTION AGAINST
<u>ALL DEFENDANTS</u>**

24. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "23" as if fully set forth herein.

25. Upon information and belief, defendant Cambridge is a New York Corporation with its principle place of business located at 498 RXR Plaza, West Tower, Uniondale, New York 11550.

26. At all relevant times defendant Cambridge was an employer within the meaning of New York Labor Law § 190 at seq. and supporting regulations of the New York Department of Labor.

27. Upon information and belief, at all relevant times defendant Narod was an employer within the meaning of New York Labor Law § 190 at seq. and supporting regulations of the New York Department of Labor.

28. Upon information and belief, at all relevant times defendant Wasserman was an employer within the meaning of New York Labor Law § 190 at seq. and supporting regulations of the New York Department of Labor.

29. Upon information and belief, at all relevant times defendant Someck was an employer within the meaning of New York Labor Law § 190 at seq. and supporting regulations of the New York Department of Labor.

30. Upon information and belief, at all relevant times defendant Trump was an employer within the meaning of New York Labor Law § 190 at seq. and supporting regulations of the New York Department of Labor.

31. Upon information and belief, at all relevant times defendant Lee was an employer within the meaning of New York Labor Law § 190 at seq. and supporting regulations of the New York Department of Labor.

32. Upon information and belief, at all relevant times defendant Morrissey was an employer within the meaning of New York Labor Law § 190 at seq. and supporting regulations of the New York Department of Labor.

33. Upon information and belief, at all relevant times defendant Robbins was an employer within the meaning of New York Labor Law § 190 at seq. and supporting regulations of the New York Department of Labor.

34. Upon information and belief, at all relevant times defendant Schorr was an employer within the meaning of New York Labor Law § 190 at seq. and supporting regulations of the New York Department of Labor.

35. Upon information and belief, at all relevant times defendant Pitkowitzr was an employer within the meaning of New York Labor Law § 190 at seq. and supporting regulations of the New York Department of Labor.

36. Upon information and belief, at all relevant times defendant Dorinbaum was an employer within the meaning of New York Labor Law § 190 at seq. and supporting regulations of the New York Department of Labor.

37. Upon information and belief, the individual defendants named herein: (1) operate Cambridge as an alter ego of themselves, and/or (2) fail to operate Cambridge as an entity legally separate and apart from themselves, by, among other things: (a) failing to adhere to the corporate formalities necessary to operate Cambridge as a corporation, (b) defectively forming or maintaining the corporate entities, by amongst

other things failing to hold annual meetings or maintaining appropriate corporate records, (c) transferring assets and debts freely as between all defendants, (d) operating Cambridge for their own benefit, and maintaining control over Cambridge as a closed corporation, (e) intermingling assets and debts of their own with Cambridge, and (f) engages in other actions evincing a failure to adhere to the corporate form, thereby allowing for a breach of the corporate veil.

38. At all relevant times, defendants were plaintiff's employers within the meaning of the New York Labor Law in that defendants had the power to hire and fire plaintiff, control his work schedule and the terms and conditions of his employment, and determine the rate and method of any compensation in exchange for plaintiff's services.

39. Upon information and belief, defendants willfully disregarded and purposely evaded recordkeeping requirements of the NYLL by neglecting to maintain accurate and complete timesheets and payroll records.

40. Upon information and belief, defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the NYLL.

41. Defendants' failure to pay plaintiff overtime compensation was willful within the meaning of New York Labor Law § 663.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff respectfully requests that this Court enter judgment against defendants:

(a) Declaring that defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to plaintiff.

(b) Declaring that the defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to plaintiff's compensation, hours, and wages.

(c) Declaring that defendants' violation of the provisions of the FLSA was willful as to plaintiff.

(d) Declaring that defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to plaintiff.

(e) Declaring that the defendants have violated the recordkeeping requirements of the NYLL with respect to plaintiff's compensation.

(f) Declaring that defendants' violations of the New York Labor Law were willful as to plaintiff.

(g) Awarding plaintiff liquidated damages in an amount equal to twenty-five percent (25%) of the total amount of overtime compensation shown to be owed pursuant to NYLL § 663 as applicable.

(h) And for such other and further relief as the Court deems just and proper.

Dated: Garden City, New York
May 23, 2011

          Yours, etc
          Law Office of Vincent R. Fontana P.C.

          By____*[signature]*____

          Vincent R. Fontana (VF6292)
          Attorneys for Plaintiff
          1010 Franklin Avenue, Suite 200
          Garden City, New York 11530
          (516) 640-4505
          Fax: (516) 640-4983

TO: Randy Zelin
    Moritt Hock & Hamroff, LLP
    Attorneys for Defendants
    400 Garden City Plaza
    Garden City, New York 11530

## VERIFICATION

STATE OF NEW YORK  )
                                    )ss.:
COUNTY OF NASSAU  )

      Harsharan Sethi, being duly sworn deposes and says that he is the plaintiff in this action that he has read the foregoing Complaint and knows the contents thereof; that the same is true to the deponent's knowledge, except as to matters therein stated to be alleged upon information and belief; and as to those matters the deponent believes them to be true.

                                                                   _____
                                                                     Harsharan Sethi

Sworn to before me this
___ day of May, 2011

_____
     Notary

Tedd Stuart Levine
Notary Public State of New York
Reg. # 02LE6175760
Qualified Nassau County
Comm. Exp. Oct. 15, 20__